**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DONNIE ADKINS,

    Petitioner,

v.                                                                  CASE NO: 8:09-CV-397-T-30TGW

WALTER A. McNEIL, SECRETARY,
DEPARTMENT OF CORRECTIONS ,

    Respondent.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, (hereinafter referred to as "Petitioner" or "Adkins"), brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondent's response (Dkt. #13), and the record. Upon review, the Court determines that the petition must be denied because it fails to meet the requirements of 28 U.S.C. §2254(d) and (e).

## BACKGROUND

Adkins was convicted by a jury in Hillsborough County, Florida on one count of obstructing or opposing an officer with violence, and two counts of battery on a law enforcement officer. The trial court sentenced Adkins on each count to eight years in prison as an habitual felony offender with a five-year minimum mandatory sentence as a Prison Releasee Reoffender. All three counts were ordered to run concurrently.

The State has adequately described the procedural background as follows:

**Direct Appeal**

Represented by Special Assistant Public Defender Heather M. Gray, Petitioner prosecuted a direct appeal of his convictions and sentences. Petitioner's appellate counsel filed an initial brief (Exhibit 1) raising the following three issues:

Issue I

THE EVIDENCE ADDUCED AT TRIAL WAS INSUFFICIENT TO ESTABLISH BATTERY ON A LAW ENFORCEMENT OFFICER BECAUSE THE STATE FAILED TO PROVE THE REQUISITE INTENT.

Issue II

THE EVIDENCE ADDUCED AT TRIAL WAS INSUFFICIENT TO ESTABLISH BATTERY ON A LAW ENFORCEMENT OFFICER AND RESISTING ARREST WITH VIOLENCE BECAUSE THE STATE FAILED TO PROVE THE OFFICERS WERE ENGAGED IN THE LAWFUL EXECUTION OF A LEGAL DUTY.

Issue III

THE APPELLANT MAINTAINED THAT HIS ARREST WAS UNLAWFUL AND THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY ON THE DEFENSE.

The state filed an answer brief. (Exhibit 2). On September 21, 2005, in Case No. 2D04-1263, the Second District Court of Appeal filed a per curiam silent affirmance of Petitioner's convictions and sentences. (Exhibit 3). Adkins v. State, 912 So. 2d 1222 (Fla. 2d DCA 2005)[table]. The mandate was issued on October 14, 2005. (Exhibit 4).

**Rule 3.850 Motion for Postconviction Relief**

On January 10, 2006, Petitioner filed a pro se motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Exhibit 5). He raised four grounds of ineffective assistance of trial counsel:

Ground 1(a): Ineffective assistance of counsel for failure to perform an adequate pretrial investigation and for putting forth an inadequate defense.

Ground 1(b): Ineffective assistance of counsel for revealing prejudicial evidence in an effort to establish a defense based on the illegality of the arrest.

Ground 2: Ineffective assistance of counsel for failure to consult with Defendant on his theory of defense and for employing the defense of justifiable use of non-deadly force.

Ground 3: Ineffective assistance of counsel for failure to present contradictions in witness testimony.

Ground 4: Ineffective assistance of counsel for failure to properly advocate the Judgment of Acquittal by conceding that the law weighed against Defendant.

In an order issued October 11, 2006, the postconviction court directed the State to respond to all five allegations presented in the motion. (Exhibit 6). The State filed its response on November 8, 2006, with record attachments, arguing all claims should be denied without a hearing except ground two. (Exhibit 7). On December 18, 2006, the trial court issued an order summarily denying grounds 1(a) and 4 of the motion and ordering an evidentiary hearing on grounds 1(b), 2, and 3. (Exhibit 8).

An evidentiary hearing was held on July 17, 2007, before the Honorable Anthony K. Black, Circuit Judge. (Exhibit 9). At this hearing, the postconviction court heard the testimony of trial counsel, Robert Fraser, Esquire, and Petitioner Adkins. Petitioner was represented by the Public Defender at the evidentiary hearing. On October 8, 2007, the trial court issued an order denying the remaining grounds. (Exhibit 10).

Petitioner appealed the adverse rulings. He represented himself in the postconviction appeal. Petitioner filed a pro se initial brief challenging the court's rulings on all five allegations of ineffective assistance of counsel. (Exhibit 11). The State filed an answer brief. (Exhibit 12). On August 22, 2008, in Case No. 2D08-805, the Second District Court of Appeal filed a per curiam silent affirmance of the lower court's orders denying postconviction

relief. (Exhibit 13). Adkins v. State, 988 So. 2d 1097 (Fla. 2d DCA 2008).
The mandate was issued on September 12, 2008. (Exhibit 14).

Response (Dkt. #13), pp. 2-5.

Adkins timely filed the present petition on December 30, 2008, raising the following five grounds for relief:

**Ground One:** The evidence adduced at trial was insufficient to establish battery on a law enforcement officer and resisting, obstructing or opposing an officer with violence because the State failed to prove that the officers were engaged in the lawful execution of a legal duty.

**Ground Two:** Trial counsel was ineffective for revealing prejudicial evidence in an effort to establish that the arrest was illegal.

**Ground Three:** Trial counsel was ineffective for failing to present contradictions in witness testimony.

**Ground Four:** Trial counsel was ineffective for failing to properly advocate the judgment of acquittal by conceding that law weighed against the Defendant.

**Ground Five:** Trial counsel was ineffective for failing to consult with the Defendant regarding his chosen theory of defense or to keep the Defendant informed of important decisions.

## STANDARD OF REVIEW

### A. AEDPA

Since Petitioner's conviction was entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his petition is subject to the provisions thereof. When a federal court is asked to review a criminal conviction from state court, 28 U.S.C. § 2254 places a heavy burden upon the petitioner. Habeas relief may not be granted

with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that:

(1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or

(2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362 (2000); Mitchell v. Esparza, 540 U.S. 12 (2003).

In Mitchell v. Esparza, the Supreme Court explained that a state court's decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this court and nevertheless arrives at a result different from our precedent." Mitchell, citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000).

As to the issue of whether a state court has made "an unreasonable determination of the facts in light of the evidence," the state court's determinations of fact are presumed to be correct and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### B. <u>Ineffective Assistance of Counsel</u>

Four of Adkins' five grounds involve claims of ineffective assistance of counsel. Where a claim of ineffective assistance of counsel is made, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the

defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under the prevailing professional forms. Id. at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The Eleventh Circuit has held that "[w]hen applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds." Oats v. Singletary, 141 F.3d 1018, 1023 (11th Cir. 1998). "To state the obvious: trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776 (1987)).

Under Strickland, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).

## DISCUSSION

**Ground One:** The evidence adduced at trial was insufficient to establish battery on a law enforcement officer and resisting, obstructing or opposing an officer with violence because the State failed to prove that the officers were engaged in the lawful execution of a legal duty.

In support of ground one, Adkins argues that he should not have been convicted for obstructing a police officer with violence and/or for battery on law enforcement officers because the State failed to establish that the officers were involved in a lawful arrest. This argument is not cognizable for federal habeas relief. It calls for the interpretation of state law which is a matter left for state courts. Adkins does not point to any federal constitutional right that was violated by the way the state courts in Florida interpreted Florida law. Even if this ground were cognizable here, it would fail on the merits.

In Florida, one may not resist arrest with violence even where a stop is unlawful. As Respondent correctly pointed out, this issue was explained in Lang v. State, 826 So.2d 433 (Fla. 2d DCA 2002):

> Even assuming the officers in this case did not have reasonable suspicion to detain Mr. Lang for auto theft, Mr. Lang resisted the officer's stop with violence and committed a battery on a police officer. This act against the officer was unlawful regardless of any potential technical illegality in the officer's initial stop. See, e.g., Nesmith v. State, 616 So. 2d 170, 171 (Fla. 2d DCA 1993). Once Mr. Lang committed the battery against the police officer, the police had probable cause to arrest him and to conduct the search incident to that arrest, during which the firearm was discovered on his person.

826 So. 2d at 435.

Adkins had raised this issue on direct appeal and the Florida appellate court rejected the argument and affirmed the conviction. Adkins points to no federal law or constitutional

right that was violated by the state court. Therefore, Adkins does not meet the requirements of 28 U.S.C. § 2254(d) or (e) on this ground and it will be denied.[1]

**Ground Two:** Trial counsel was ineffective for revealing prejudicial evidence in an effort to establish that the arrest was illegal.

Adkins contends that his trial counsel used prejudicial evidence concerning drugs in an effort to establish an illegal arrest. Adkins contends that this evidence was irrelevant and, to his detriment, became a feature of the trial.

The state post-conviction court held a hearing and received evidence on this issue. The court stated:

> In ground one (b) of his Motion, Defendant alleges ineffective assistance of counsel for opening the door to prejudicial drug evidence being introduced at trial. Specifically, Defendant contends that counsel's defense strategy opened the door to this drug evidence, prompting the judge to rule that any questions or challenges regarding the authenticity of drug testing and drug reports were irrelevant. At the evidentiary hearing, counsel testified that, as a matter of strategy, he needed to address the drug evidence "to meet and defeat the idea that [Defendant] was a drug dealer.... [Y]ou have to dispel the idea that the police are making a legitimate arrest of a drug dealer." (*See* Transcript, July 17, 2007, pp. 24-25, attached). The Court finds this testimony to be credible, and finds that, after reviewing the trial transcript, counsel's actions at trial were in line with the strategic decision to address the drug evidence as a means to dispel any notion of Defendant's connection to the drugs. (*See* e.g. Transcript, March 4, 2004, pp. 144-149, 160-167, attached). The Court notes further that "strategic decisions will not be second-guessed on collateral attack." Johnson v. State, 769 So. 2d 990, 1001 (Fla. 2000). As such, Defendant warrants no relief on ground one (b) of his Motion for Post-Conviction Relief.

Exhibit #10, pp. 1-2.

---

[1] While Adkins has pointed to no federal case law he claims to have been misapplied, the Respondent correctly pointed to Illinois v. Wardlow, 528 U.S. 119 (2000) as being factually similar to this case and holding contrary to Adkins' arguments.

Clearly this was a strategy decision on the part of Adkins' trial counsel. Attorneys are given wide latitude in formulating their tactical choices for trial and are not to be second guessed. Strickland v. Washington, 466 U.S. 668 (1984). The state post-conviction court did not misapply federal law in resolving this issue and therefore this ground must be denied.

**Ground Three:** Trial counsel was ineffective for failing to present contradictions in witness testimony.

In support of ground three, Adkins states in his petition:

> Trial counsel fail (sic) to properly present contradictory testimonies of state witnesses that could have cast a reasonable doubt in the minds of the jury in respect to the issue of guilt. The alleged victim testified that he was battered in a way that was contradicted by the testimony of the other witnesses that testified at trial and counsel failed to illicit this testimony for the jury.

Petition (Dkt. #1), p.5.

The Court notes that Adkins does not point to specific contradictions that he claims counsel should have raised, but did not. Counsel did attempt to impeach some witnesses at trial with prior inconsistencies. The state post-conviction court reviewed the record in this regard and stated:

> The first witness to testify for the State was Officer Ronald Simpson. During cross examination of this witness the defense counsel attempted to impeach him on the issue of who actually found the drugs which were located inside the bar the Defendant ran into (T. 161). He pointed out that during deposition, this witness had claimed that he himself found the drugs, and then at another point he stated Officer Evers found the drugs (T.161). Later in the trial, Officer Evers testified regarding the Defendant's position when the incident occurred, i.e. standing up or on the ground. On cross examination, defense counsel immediately attempted to impeach him with different testimony the officer had given during his deposition (T.197-198).

The next witness to testify for the State was Sgt. Howard. Here again, defense counsel attempted to impeach this witness based on testimony he had given at a previous deposition (T.218-219; 224-225). During the trial, this witness testified for the first time that he had approached the vehicle the Defendant was initially seen standing next to, and he spoke with the occupants (T.214). This was testimony which had never come out prior to the trial and defense counsel correctly attempted to impeach the witness based on it (T.218-219).

In this section of his motion, the Defendant argues that witnesses should have been impeached because of variations in the testimony regarding where the Defendant was physically located at the time of the incident. This can also be refuted by the record. Officer Haggert testified that the Defendant kicked him one time, in the chest while the Defendant was standing, leaning over the trunk of the car. The incident occurred while the victim was attempting to put leg chains on the Defendant (T.230). During cross examination, defense counsel clarified that the Defendant was standing when he kicked Officer Haggert and he was on the ground when he kicked Officer Partner (233-234). Officer Partner confirmed this when he testified that the Defendant kicked him in the chest after he had been laid on the ground (T.239). During direct examination, Officer Simons testified that he saw the Defendant kick Officer Haggert in the chest as Haggert was attempting to put the leg chains on him (T.178-179). Later, during cross examination defense counsel brought out the fact that this officer testified that the Defendant was on the ground when he kicked Officer Haggert (T. 185).

During closing argument defense counsel argued some of the inconsistencies in the testimony. He stressed the difference in the testimony of Officer Simpson and Sgt. Howard. He pointed out to the jury that Officer Simpson was certain that the Defendant knew they were police officers when they initially approached him, and Sgt. Howard testified to the contrary (T.304-305). Later in his closing argument defense counsel pointed out the testimony of Sgt. Howard regarding approaching the individuals in the car, saying that this was completely new information (T.306).

Despite the Defendant's assertions to the contrary, Defense counsel adequately presented and amplified the variations in the testimony of the witnesses throughout the trial. The Defendant's allegations here are meritless and do not rise to the level necessary to support his allegations of ineffective assistance of counsel. As the review of the record reveals, defense counsel did point out the various inconsistencies in the testimony of the witnesses.

> Consequently, the Defendant's request for relief in Ground 3 of his motion for post conviction relief should be denied.

Exhibit #7, pp. 10-12.

The state post-conviction court found that trial counsel did point out various inconsistencies in the testimony of the witnesses. The record supports that finding. Adkins has failed to carry his burden of showing that the post-conviction court made an unreasonable determination of the facts or an unreasonable application of clearly established federal law. Further, Adkins has failed to point to any particular inconsistency that he claims would have had such impact as to change the outcome of the trial. Therefore, this Court will deny ground three.

**Ground Four:** Trial counsel was ineffective for failing to properly advocate the judgment of acquittal by conceding that law weighed against the Defendant.

In ground four, Adkins argues that his trial counsel was ineffective because he conceded that Florida law was contrary to the Defendant's position that resisting an unlawful arrest was not a crime. To the contrary, the court had previously had a discussion with counsel that, in Florida, one may not physically resist an arrest even where that arrest is illegal. That is, police officers do not become fair game to receive beatings where the arrest in question can be shown to be illegal.

The state post-conviction court rejected this claim and stated:

> A reading of the transcript reveals that counsel was well aware of the balance between his duty to disclose controlling case law as well as his duty to his client. (See Transcript, 255-57, attached.) The record reveals that counsel's performance did not fall below acceptable standards because counsel was

merely acknowledging the existence of adverse case law, as required by the Rules Regulating the Florida Bar.

Exhibit #8, p.5.

A trial lawyer is required to be candid with the court and acknowledge existing case law that is contrary to his or her position. All reasonably competent counsel fulfill this obligation to the court and, therefore, it cannot be claimed to be ineffective. Therefore, ground four fails.

**Ground Five:** Trial counsel was ineffective for failing to consult with the Defendant regarding his chosen theory of defense or to keep the Defendant informed of important decisions.

In support of ground five, Adkins argues that his trial counsel never discussed with him his plan to defend the case on the affirmative defense of using justifiable non-deadly force in response to the officers' use of excessive force. Adkins contends that he did not kick the officers and therefore such a defense was contrary to his preferred defense of actual innocence.

The state post-conviction court addressed this issue after the evidentiary hearing:

> In ground two of his Motion, Defendant alleges ineffective assistance of counsel for failure to consult Defendant on his theory of defense, and for failure to keep Defendant informed. Specifically, Defendant contends that counsel was deficient for failing to make Defendant aware of counsel's intention to present the defense of justifiable use of non-deadly force (self-defense), and that, had Defendant known such would be counsel's theory of defense, Defendant would have sought to have counsel removed from his case as Defendant wanted to present a defense of actual innocence. At the evidentiary hearing, Defendant testified that his actions against the law-enforcement officers were the result of his resisting the officers and his attempt "to get the officers off of my back," and that this is the information he provided to counsel. (*See* Transcript, July 17, 2007, pp. 14-18, attached).

> Counsel then testified that, "I really don't have an independent recollection of this case too much, except that I think self-defense was the only defense available to him because he can't resist even an unlawful arrest and I think that's what we finally settled on." (*See* Transcript, July 17, 2007, p. 22, attached). Moreover, counsel testified that a defense of actual innocence would not have been applicable under the facts of the case, particularly in light of the evidence against him that several other officers witnessed his actions. (*See* Transcript, July 17, 2007, pp. 23-24, attached). Additionally, counsel explained that Defendant would not have been able to raise a successful defense that he never intended to touch the officers unless he testified at trial, and his testifying at trial would not have been in his best interest in light of his prior felony record. (*See* Transcript, July 17, 2007, pp. 33-34, attached). As was his habit, counsel testified, he would have discussed his need to testify to put on such a defense, and that, otherwise, his only available defense was self-defense. (*See* Transcript, July 17, 2007, pp. 22-24, 33-34, attached). The Court finds counsel's testimony to be credible, and finds that Defendant has failed to demonstrate that counsel did not consult with him as to his theory of defense. As such, Defendant warrants no relief on ground two of his Motion for Post-Conviction Relief.

Exhibit #10, pp. 2-3. The state post-conviction court's finding of fact that trial counsel did in fact consult with Defendant about the theory of defense is binding on this Court unless Adkins shows that such finding is unreasonable based on the record. Adkins has failed to meet this burden. Based on the state post-conviction court's finding of fact and explanation of the trial strategy involved, this Court concludes that it must deny ground five.

## **CONCLUSION**

Because each of the five grounds raised for relief fails to meet the requirements of 28 U.S.C. § 2254(d) and (e), the Court will deny the petition.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondent and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on December 16, 2009.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2009\09-cv-397.deny 2254.wpd*